IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cr-093 |
| | ) | The Honorable M. Hannah Lauck |
| DANIEL WAYNE KIDD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S POSITION ON SENTENCING
AND MOTION FOR DOWNWARD VARIANCE**

COMES NOW the defendant, Daniel Wayne Kidd, ("Kidd") by counsel, W. Edward Riley, IV, and files this Position on Sentencing and Motion for a Downward Variance pursuant to Rule 32 of the Federal Rules of Criminal Procedure and § 6A1.3 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). Kidd has received and reviewed the presentence report ("PSR") with the assistance of counsel. Kidd made several corrections and noted multiple objections to the PSR by separate filing focusing primarily on the sentencing calculation and the inclusion of certain evidence, detailed in the PSR, and assumptions taken from that evidence. Kidd has filed a Motion to Seal this filing due to the highly personal nature of the information in the Motion. Kidd is requesting a downward variance below the Guideline recommendation and is asking for a sentence of 240 months. He believes this to be a reasonable disposition within the sentencing framework of the Federal Court and that this is supported by the sentencing factors set out in 18 U.S.C. § 3553(a).

The guideline calculation set out in the PSR recommends a life sentence on Count 1 and a term of Supervised Release of  five years to life. PSR ¶ 74. Kidd was assigned a Criminal History Category ("CHC") I as he has no prior arrests or encounters with the law. PSR ¶ 39. A special

assessment of $100 is mandated and a fine can be given between $50,000 to $250,000. PSR ¶ 74

As noted in the PSR, the Court can consider an additional fine as outlined in paragraph 75, but

there is a statutory restriction to the $250,000.  As this Court is aware, the United States Sentencing

Commission just amended the guidelines to take into account those with zero criminal history

points. However, due to the nature of his offense, Kidd does not qualify for any reduction. The

PSR notes that the Court can impose a larger assessment of $5,000 per count on any non-indigent

offender. PSR ¶ 76. Kidd has been determined indigent with no source of income and no assets.

Kidd is subject to restitution, but none has been requested. The Court should consider the factors

set out in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 when determining any fine or assessment.

Co-Defendant Rosalinda D. Rosas ("Rosas") was sentenced on Count 1 to 300 month

imprisonment with 10 years of supervised release and a $100 special assessment. PSR ¶ 9.  Kidd

is asking for a sentence of 240 months imprisonment and a supervised release term of 5 years, the

5 years term being sufficient because of his requirement to register as a sex offender should he be

released from custody. That sentence is sufficient but not greater than necessary to accomplish the

purposes of sentencing under 18 U.S.C. § 3553(a), and it balances both the aggravating and

mitigating circumstances of the offense as well as Kidd's positive background.

## II. THE STATUTORY FACTORS

Section 3553(a) directs this Court to impose a sentence that is "sufficient, but not greater

than necessary, to comply with" the purposes of sentencing set forth by Congress. 18 U.S.C. §

3553(a)(2). *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), counsels

that the sentencing judge must "consider all of the 3553(a) factors" to arrive at a just sentence that

is "sufficient but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. §

3553(a). The guidelines are only one of many factors the Court must consider when imposing a

sentence. See *United States v. Booker*, 543 U.S. 220, 259 (2005). They carry no greater weight than any other factor. While a guideline sentence is presumptively reasonable, it only serves as the starting point. See *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable").

Full consideration of the § 3553(a) sentencing factors ensures that the sentencing decision is individualized, as it must be, "[w]hen determining a sentence, the court 'must make an individualized assessment based on the facts presented.'" *United States v. Pankow*, 884 F.3d 785, 793 (7th Cir. 2018) (quoting *Gall*, 552 U.S. at 50)). The Supreme Court has emphasized that the punishment imposed "should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 488 (2011) (citations omitted).

The "sufficient but not greater than necessary" standard—also known as the "parsimony" clause—is the "overarching provision" of § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). That provision instructs the Court to consider a sentence that is the least severe, not greater than necessary. See *United States v. Santoya*, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007).

To fashion a sentence that complies, 18 U.S.C. § 3553(a) directs this Court to consider:

• The nature and circumstances of the offense, as well as the history and characteristics of the defendant (§3553 (a)(1));

• The need for the sentence to (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (§3553(a)(2);

• The kinds of sentences available (§3553 (a)(3));

&bull; The sentencing guideline range (§3553 (a)(4));

&bull; Any Sentencing Commission policy statements (§3553 (a)(5));

&bull; The need to avoid unwarranted sentencing disparities among defendants with similar records who engaged in similar conduct; (§3553 (a)(6)); and

&bull; The need to provide restitution. (§3553 (a)(7)).

The §3553 factors, "are broad, vague, and open-ended," leaving the sentencing judge with "considerable discretion to individualize the sentence to the offense and offender as long as the judge's reasoning is consistent with § 3553(a)." *United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir.2007); abrogated on other grounds by *Nelson v. United States*, 555 U.S. 350, 129 S. Ct. 890, 172 L.Ed.2d 719 (2009).

## A. SECTION 3553(a)(1): THE NATURE AND CIRCUMSTANCES OF THE OFFENSE, AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

### a. Personal History

Section 3553(a)(1) provides that the offending conduct should be considered alongside the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). One must view the defendant's role in the offense and try to understand them as a person, evaluating their criminal conduct vis-à-vis how they have otherwise lived their life.

### 1. The Nature and Circumstances of the Offense

Kidd has accepted responsibility and pled guilty, not wanting to put MV1 through a difficult trial. The factual basis in his plea agreement and the PSR informs this Court of the nature and circumstances of the offense. He does, however, have factual disputes, such as he denies he ever choked or caused any physical harm to MV1. He also does not believe that the medication was a

factor in any of the decision making for MV1 or himself and recalls that it was given after sexual activity occurred.

Also of note is that there is no allegation of intimidation or threat used by Kidd or his co-defendant toward MV1. There were no dangerous weapons brandished, no threats made, or physical restraint used. There was no abduction, kidnapping or force of any kind used. There were no permanent or life-threatening bodily injuries of any kind, only some bruising that occurred from amusement park rides or MV1 using a riding mower at Kidd's house.

This was spring break for Rosa's ███████████. He and MV1 ███████████ and close in age. They were friends and wanted to spend time together. It was ████ idea for MV1 to come visit. MV1 was a guest, and she was treated like one for that week. The family engaged in a lot of activities such as a full day at Kings Dominion and going out to eat at restaurants. They watched movies at home, played sports, and rode mowers around in the yard. They all spent time together and were having fun. MV1 was given some gifts such as shoes and many of these same items Kidd and Rosas had already given to their own kids. As Kidd understood things, MV1 lived a sparse life at home and did not have some basic things that his and Rosa's kids possessed. Kidd understands that this was partly due to how MV1's family wanted to live their life but, it was also as a form of punishment for MV1 because of behaviors and decisions she had made that got her into trouble. These were actions and decisions that had nothing to do with Kidd nor were they affected or influenced by Kidd.

## 2. The History and Characteristics of the Defendant

Kidd was born on August 1, 1974, in Hopewell, Virginia and grew up in that area with his parents and his four brother and sisters. PSR ¶ 45. As detailed in the PSR ¶¶ 68 - 70, he

graduated from Hopewell High School in 1993 and enlisted in the US Navy in 1994. He served

four years, being deployed two times, and received an honorable discharge in 1998. PSR ¶ 69

Kidd married Amy Jones in 1995 and they have four children. PSR ¶ 54. Kidd went back

to school in 1999 to East Coast Polytechnic Institute and earned an Associate Degree in

Computer Programing. PSR ¶ 68. He later enrolled at the University of Richmond and received

a Bachelor of Applied Science Degree in 2005. PSR ¶ 68. He worked for Capital One for

almost 11 years until his arrest for this offense. PSR ¶ 70. Kidd separated from his wife in 2016

but continued to support her and his children. PSR ¶ 56, 57. He and his family relocated to

Powhatan County about five years prior to his arrest on this charge.  That house was recently

sold, and Kidd currently has no income, assets or savings with debts totaling over $124,000.

PSR ¶ 60, 71.

### b. Mental Health and Medical Issues

Kidd does not have a history of mental health issues, but he is dealing with some level of

depression since his arrest and incarceration for these matters.

He does have health issues.  Kidd has treated for a pituitary gland tumor which started

about 20 years ago. PSR ¶ 62.  Kidd was dealing with anemia around the time of the offense, which

required blood transfusions and resulted in him having trouble having an erection.  He has also

been diagnosed with high blood pressure and has been prescribed three medications for treatment.

PSR ¶ 63.

### c. Criminal History

Kidd has no criminal history and no pending criminal charges.  This is his first contact with

the courts.   He has a Criminal History Score of zero which produces a Criminal History Category

of I. PSR ¶ 39-40.

## B. SECTION 3553(a)(2): THE GOALS OF SENTENCING

Section 3553(a)(2) speaks to the need for the sentence imposed to provide just punishment, to reflect the seriousness of the offense, and to promote respect for the law; to provide adequate deterrence; to protect the public; and provide the defendant with needed treatment, vocational and educational training, or other correctional treatment. The goals of sentencing would best be accomplished through a sentence below the guideline's range. Kidd agrees that this is a serious offense, and he has accepted responsibility for his role in what occurred. That said, the guideline range is significantly inflated by the presence of deleted video thumbnails that were not located on Kidd's cell phone. When calculated with the other enhancements, the resulting guideline range of Life in Prison greatly overstates the seriousness of the offense.

Kidd has respect for the law. He has been a good citizen who has done all the things wanted by a government. Kidd served his country for four years, being deployed twice and earned an honorable discharge. Once out of the Navy, he earned two degrees, putting himself through two schools. Kidd has an excellent work ethic. He maintained employment, making a good living so that he could support his family and raise his kids. Kidd is 50 years old and was not in any trouble with the law prior to the events that bring him to this court. He also did not get in any trouble, nor try to leave the Commonwealth, when he was the focus of the yearlong investigation resulting in this charge. He has been a law-abiding citizen as demonstrated by his zero criminal history points, PSR ¶ 39. This leads one to fairly say that these events and this behavior are an aberration.

## C.  §3553(a)(4): THE SENTENCING GUIDELINE RANGE

The first step in sentencing a defendant is to correctly calculate the applicable guideline range. *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007).   After doing so, the court is entitled to disagree with the results of the guideline calculation and even

categorically reject the Sentencing Commission's policy choices. *Spears v. United States*, 555 U.S. 261, 129 S. Ct. 840, 843-44, 172 L.Ed. 2d 596 (2009).  Kidd objects to the sentencing guideline calculation as noted in his pleading Defense Objections to the Presentence Report filed separately under seal.  He asks that this Court reject the guidelines because the guideline calculation puts too much weight on the allegation of the production of sexually explicit video.  This focus has resulted in a suggested sentence range significantly greater than necessary.

### D. 3553(a)(5): THE KINDS OF SENTENCES AVAILABLE

District courts are to fashion a sentence sufficient but not greater than necessary to achieve the sentencing goals. 18 U.S.C. § 3553(a); see *Spears v. United States*, 555 U.S. 261, 129 S. Ct. 840 (2009). Here, the goals of sentencing can be achieved through the 240-month custodial sentence. This is a significant length of time to be incarcerated.  There is also the required five-year period of supervised release which would be duplicated by the requirement for Kidd to register as a sex offender the rest of his life should he ever be released. PSR p. 21-22.

This individual has otherwise led a law-abiding life. He has worked hard his entire life and served his country.  He has also consistently supported his family while being separated from his wife since 2016.

### E. 3553(a)(6): THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES.

Section 3553(a)(6) requires that the Court consider "the need to avoid unwarranted sentencing disparities among defendants with similar records that have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Supreme Court has made it clear that a sentencing court can look at a codefendant's sentence in conducting its disparity analysis. *Gall v. United States*, 528 U.S. 38 (2007). Co-Defendant Rosalinda D. Rosas was convicted of the same Count 1 as Kidd for

Transportation of a Minor for Illegal Sexual Activity and sentenced to 300-month imprisonment with 10 years of supervised release and a $100 special assessment. PSR ¶ 9.

Kidd believes that Rosas sentence should also be no more than 240 months considering the circumstances surrounding the offense as noted and argued in the respective pleadings.

**CONCLUSION**

For the reasons stated above, Kidd believes that the Guidelines as calculated are too harsh and far exceed what punishment is necessary to provide a just punishment. Kidd is asking for a variance sentenced of 240 months which is 20 years of incarceration including the mandatory 5 years of supervised release which will be coupled with the sex offender registry and other limiting conditions of the sentence that would ensure Kidd would have no contact with minors. This sentence would be a significant deterrence, promote respect for the law and protect the public and any minors satisfying all the factors of 18 USC § 3553.

Respectfully Submitted:

W. Edward Riley, IV
Counsel for Defendant

By:_____/s/_____
W. Edward Riley, IV, Esquire
Virginia State Bar No: 32905
RILEY & WELLS
1518 Willow Lawn Drive
Suite 200
Richmond, Virginia 23230
804-673-7111
Facsimile: 804-673-7115
eriley@rileywells.com

## **Certificate of Service**

I hereby certify that a true and exact copy of the foregoing Defendant's Position on Sentencing and Motion for Downward Variance sent electronically on this the day of January, 2025 to:

Heather Hart Mansfield
Assistant United States Attorneys
919 East Main Street
Suite 1900
Richmond, VA 23219
(804) 819-5400
Heather.H.Mansfield@usdoj.gov

Alicai A. Bove
Trial Attorney
United States Department of Justice
Criminal Division
Child Exploitation and Obscenity Section
1301 New York Ave. NW, Suite 1100
Washington, DC 20005
202-616-5313
Alicia.bove@usdoj.gov

                        /s/_____
                      W. Edward Riley, IV