IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:23-CR-093-002 |
| | ) |
| DANIEL WAYNE KIDD, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S UPDATED POSITION ON SENTENCING**

The United States of America, by and through its undersigned attorneys, files this response to Defendant's Updated Position on Sentencing. The United States maintains that this Court should impose a sentence of 420 months' imprisonment followed by lifetime supervised release.

**I.      The Report of Dr. Fender**

The defendant filed and provided the United States a copy of the Psychosexual Evaluation performed on the defendant by Dr. Keith Fender. According to the Psychosexual Report, the case material reviewed by Dr. Fender included the Statement of Facts, Defense Basis for Hired Expert, Defendant's Position on Sentencing, Defendant's Objections to Pre-Sentence Report, and the Presentence Investigation Report. It does not appear that Dr. Fender reviewed any additional discovery materials, including interviews, reports, or text messages, to understand the facts of this case, outside of what is contained in the Statement of Facts and Presentence Report.

Both the defendant and Dr. Fender place heavy emphasis on the Report's conclusion that the defendant "did not exhibit excessive denial or minimization regarding the offense." Psychosexual Report, p.9. Dr. Fender does not explain how he reached this conclusion, and

1

some of the statements of the defendant included in the report appear to directly contradict the facts of this case. For example, the defendant reported that "he has never engaged in sexual contact with anyone that was unable to provide consent due to intoxication or mental impairment." Psychosexual Report, p.8. However, in the Statement of Facts, the defendant admitted that "MV1 was on several medications, including medications that made MV1 drowsy. Rosas administered these medications to MV1 nightly prior to the sex acts." And as this Court knows, the defendant's own text messages acknowledge that he was aware of the effects the medication has on MV1:

| From | To | Time | Text |
| --- | --- | --- | --- |
| Kidd | Rosas | 4/5/22 12:41PM | "Is it just me or does she seem very distant?' |
| Rosas | Kidd | 4/5/22 12:42 PM | "It's because of MW1 daddy. And her meds. You'll see once her last mes (sic) kick in how it will change daddy." |
| | | | …… |
| Rosas | Kidd | 4/5/22 1:02PM | "I'm saying if you'd want her to show it more like me daddy she'd probably need to come off of some of the meds that don't let her express her feelings like that daddy. But that also means crying on the lows too daddy." |
| | | | . . . . . . |
| Rosas | Kidd | 4/5/22 2:52PM | "The medicine is going to make it seem like emotionally she's not all there and will also help when she leaves daddy. . . ." |

Additionally, the defendant stated to Dr. Fender that "he has never had sexual fantasies that involved physical force or harm to anyone. He reported that he has never had masturbatory sexual fantasies of prepubescent children. He denied any history of deviant sexual interest." Psychosexual Report, p.8. As the Court knows from the evidence presented at the hearing on February 10, 2025, these statements are false. First, the defendant's own text messages with a prior romantic partner show that he has a history of sexual fantasies that involve children. The evidence presented regarding the defendant's text messages dating back to 2017 show that he

2

repeatedly asked his then-romantic partner to relay stories of childhood sexual abuse and asked for specific details. The defendant also asked his co-defendant to relay stories of childhood sexual abuse. For example:

| From | To | Time | Text |
|---|---|---|---|
| Kidd | Rosas | 7/28/21 1:55 PM | "Show me you at 9" |
| Kidd | Rosas | 7/28/21 2:06 PM | "So in those pictures, you were getting to swallow about 1-2 per week?" |
| Kidd | Rosas | 7/28/21 2:11 PM | "until you were 11" |
| Kidd | Rosas | 7/28/21 2:15PM | "You're 11 in the bottom" |

These text messages span years and show that the defendant has a longstanding interest in sexual fantasies involving children that culminated in his weeklong sexual abuse of MV1.

As to the defendant's statements that he has never had sexual fantasies that involve physical force or harm to anyone, this is also directly contradicted by his text messages to co-defendant Rosas. As this Court knows from the evidence presented, the defendant repeatedly relayed to Rosas his desire to physical dominate and control her through the use of physical force. The text messages introduced in evidence demonstrate that this desire to engage in physical harm to his romantic partner was directly tied to the defendant's sexual and romantic desire for his partner. For example:

| From | To | Time | Text |
|---|---|---|---|
| Kidd | Rosas | 1/15/21 10:47 AM | "I need to control you at all times. I won't ever allow you to make a decision for yourself. I want you terrified to make a single decision without my approval. Knowing you might not wake up after I'm done disciplining you for your disobedience." |
| Kidd | Rosas | 1/15/21 10:50 | "Princess can handle getting beat every day." |

3

| | | AM | |
|---|---|---|---|
| Kidd | Rosas | 1/15/21 10:53 AM | "God I need to mark you up every day do you never forget your place." |
| | | | … |
| Kidd | Rosas | 1/15/21 10:58 AM | "You are fucking my property and I'll kill you if you ever try to leave or disrespect me. |

On another date, the defendant wrote:

| From | To | Time | Text |
|---|---|---|---|
| Kidd | Rosas | 3/15/21 1:48 PM | "Princess I think about the first time I'll hit you so hard that you go to sleep and it makes me happy. I know that when you wake up, you'll feel even more addicted to me and more of my property." |

It's clear through reading these text messages that the defendant repeatedly expressed his fantasy to "control" or "own" his romantic partner and that it was part of his sexual fantasy to engage in physical violence toward his sexual partners. The nature of the defendant's relationship with Rosas and his sexual fantasies involving dominating her through physical violence are seen throughout these text messages.

It would appear that Dr. Fender was unaware of or did not have access to this information and concluded that the defendant was being truthful in his statements during the clinical interview. Dr. Fender therefore relied on the defendant's statements in drawing his conclusions, expressly stating that "there were no indications of excessive denial, minimization, or attempts to present in an overly favorable light." Psychosexual Report, p.24. But this conclusion cannot be supported when viewed within the context of all the evidence this Court has before it, and therefore, this Court should not give weight to the conclusions of Dr. Fender in the Psychosexual Report.

## II.     Conclusion

Given that Dr. Fender's conclusions rely on untruthful statements of the defendant, this Court cannot confidently rely on the conclusions drawn.  Moreover, in light of the § 3553(a) factors in this case, this report does not alter the analysis put forth in the Government's previous filings and the Government maintains its position that a sentence of 420 months' imprisonment is warranted.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:     /s/
Heather Hart Mansfield
Virginia Bar Number 83957
Assistant United States Attorney
U.S. Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23229
Tel.: 804-819-5489
Fax: 804-771-2316
Email: Heather.H.Mansfield@usdoj.gov